# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WAYNE NELSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, DET. MILES #8060, and DET. MACCLAIN #8094** | : | **NO. 17-1970** |

## MEMORANDUM OPINION

**Savage, J.**                              **August 29, 2017**

In his *pro se* complaint, Wayne Nelson asserts claims for malicious prosecution, false arrest and imprisonment, and intentional infliction of emotional distress arising out of his arrest, subsequent imprisonment, and prosecution, which ultimately resulted in a not guilty verdict.  Moving to dismiss, the defendants City of Philadelphia, Detective James Miles, and Detective Glenn MacClain contend that Nelson has failed to state claims that they deprived him of his civil rights.  The City argues that Nelson has not alleged a policy or custom which resulted in violations of his constitutional rights.  The individual defendants contend Nelson has failed to allege their personal involvement in wrongful conduct.

The defendants are correct.  Therefore, we shall grant the motion to dismiss with leave to amend the complaint.

## Background[1]

As recited in the complaint, in the late morning of April 28, 2015, Detective Timothy Cliggett and members of the Fugitive Task Force arrested Nelson.  They transported him to the Philadelphia Police Department's 25th District.  He was charged

---

[1] Compl. (Doc. No. 1) at ECF 3.  As we must in considering a Rule 12(b)(6) motion, we accept the facts recited in Weston's complaint and view them in the light most favorable to him.

with attempted murder and related offenses in connection with an incident which had occurred on April 4, 2015.

At his arraignment, Nelson's bail was set at one million dollars. Unable to post bail, he remained in jail for over a year until he was released on June 1, 2016 after he was found not guilty.

On April 28, 2017, two years after his arrest, Nelson filed this action claiming a violation of his civil rights. He asserts three claims: malicious prosecution (Count I), false imprisonment and false arrest (Count II), and intentional infliction of emotional distress (Count III).

Although Nelson alleges that it was Cliggett who arrested him, he does not name him as a defendant. Instead, he asserts claims against the City of Philadelphia and Detectives James Miles and Glenn MacClain, two police officers in the Philadelphia Police Department's 25th District, to whom he attributes no misconduct.[2]

**Standard of Review**

Pursuant to Rule 12(b)(6), a court may dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (quoting

---

[2] *Id.* at ECF 2.

*Twombly*, 550 U.S. at 557).

A conclusory recitation of the elements of a cause of action is not sufficient. The plaintiff must allege facts necessary to make out each element. In other words, the complaint must contain facts which, if proven later, support a conclusion that the cause of action can be established.

In assessing the sufficiency of a complaint, a court engages in a three-part sequential analysis. The court must: (1) identify the elements of the causes of action; (2) disregard conclusory statements, leaving only factual allegations; and (3) assuming the truth of those factual allegations, determine whether they plausibly give rise to an entitlement to relief. *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Additionally, the *pro se* plaintiff's pleadings are considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)). With these standards in mind, we shall accept as true the facts as they appear in Nelson's complaint and draw all possible inferences from these facts in his favor.

**Analysis**

"To prevail on a § 1983 claim against multiple defendants, a plaintiff must show that each individual defendant violated his constitutional rights." *Estate of Smith v. Marasco*, 430 F.3d 140, 151 (3d Cir. 2005). A plaintiff must establish that each defendant was personally involved in the alleged wrong. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). He does so "by describing the defendant's participating in or

3

actual knowledge of and acquiescence in the wrongful conduct." *Id.* (citing *Rode*, 845 F.2d at 1207).

In his complaint, Nelson recites the elements of each cause of action. But, he makes no factual allegations showing what role Miles and MacClain played in the deprivation of his Fourth and Fourteenth Amendment rights.

Nelson claims that the arresting officers did not have probable cause to arrest him. He alleges that "the arresting officers did not have facts and circumstances within their knowledge, or reliable information which would cause a reasonable [sic] prudent person to believe that the Petitioner had committed or was committing a crime nor did they have a reasonable suspicion that the petitioner was armed and dangerous and involved in criminal activity."[3] The arresting officers identified in the complaint are Cliggett and members of the Fugitive Task Force. He identifies Miles and MacClain as police officers in the Philadelphia Police Department's 25th District. There is no allegation that they were members of the Fugitive Task Force or otherwise involved in his arrest, detention, and prosecution.

Nelson does, however, make the conclusory statement that "the detectives did not do a proper investigation" and exhibited "reckless disregard to proper police procedure which led to the arrest and detainment of the Petitioner."[4] He does allege how Miles or MacClain disregarded procedure, what the procedure was, or how they did not properly investigate. In sum, Nelson has not sufficiently alleged Miles or MacClain's personal involvement in wrongful conduct.

---

[3] *Id.* at ECF 4.

[4] *Id.* at ECF 5.

4

With respect to Nelson's claims against the City of Philadelphia, a municipality may be held liable under § 1983 for injuries inflicted by its agents or employees only if the injuries were the result of a governmental policy or custom. *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Santiago*, 629 F.3d at 135. A governmental policy or custom can be established by showing either that the decisionmaker possessing final authority to establish a municipal policy did so by issuing an official statement of policy or that a governmental custom developed when the official acquiesced to a course of conduct such that it operated as law. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 250 (3d Cir. 2007).

For municipal liability to attach, a plaintiff must demonstrate a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The necessary causal link is shown where (1) the municipality promulgates a policy statement and the injurious act occurs as a result of an implementation of that policy; (2) the policymaker himself violates federal law; or (3) the policymaker is deliberately indifferent to the need for action to correct an inadequate practice that is likely to result in a constitutional violation and fails to act. *Jiminez*, 503 F.3d at 249–50.

Nowhere in his complaint does Nelson allege a policy or custom. Nor does he identify or allege conduct by a municipal decisionmaker. *See McTernan v. City of York*, 564 F.3d 636, 658–59 (3d Cir. 2009). The complaint references the City of Philadelphia only in his description of the parties and in the request for relief.

Because he has not alleged a policy or custom or conduct by a municipal

5

decisionmaker, he has not stated a claim against the City. Thus, we shall dismiss his claims against the City.

When the complaint does not withstand a 12(b)(6) motion, a curative amendment must be allowed unless amendment would be inequitable or futile. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008)); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). Because it appears the *pro se* plaintiff may be able to cure the deficiencies we have identified, we shall give him leave to amend. If he files an amended complaint, he must articulate the factual bases for the claims he intends to pursue. For Miles and MacClain, he must describe their specific acts which resulted in the deprivation of his constitutional rights. As to the City of Philadelphia, he must identify a municipal decisionmaker and his or her role in a city policy or custom which led to the deprivation of his constitutional rights.

## Conclusion

Nelson has not alleged sufficient facts to state claims against the defendants. Therefore, we shall grant the motion to dismiss with leave to amend his complaint within thirty days.